Fred W. Carver v. Commissioner.
Fred W. Carver v. Commissioner
Docket No. 28802.
United States Tax Court
1952 Tax Ct. Memo LEXIS 71; 11 T.C.M. (CCH) 995; T.C.M. (RIA) 52294; October 3, 1952
John W. Ward, Esq., for the petitioner. Cyrus A. Neuman, Esq., and Peter K. Nevitt, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner's determination was as follows: Income Tax
Fraud
Delinquency
293(b)
291(a)
Year
Deficiency
addition
addition
1943
$6,901.79
$3,450.90
$1,725.45
1944
7,420.14
3,710.07
1945
5,548.92
2,774.46
1946
5,073.60
2,536.80
1,268.40
1947
1,583.23
791.61
395.81 The petitioner contests the deficiencies and the penalties. Findings of Fact The petitioner is an individual who resided in Detroit, Michigan, and filed returns for the taxable years with the collector of internal revenue for the district of Michigan. His *72 return for 1943 was not signed. His returns for 1946 and 1947 were filed on September 17, 1948. The petitioner, as sole proprietor, operated a tavern at 25044 Grand River Street, Detroit, Michigan, during all of the taxable years until September 1947. He kept no books or records in connection with the business. The following table shows items as reported by him and as determined in arriving at the deficiencies: Purchases
Receipts
Net Income
Year
Reported
Determined
Reported
Determined
Reported
Determined
1943
Income tax
$ 9,241.24
$17,730.76
$18,124.25
$43,823.24
$ 2,373.59
$20,147.66
1943
Victory
tax
3,112.25
20,523.16
1944
9,913.10
18,799.05
18,789.25
44,793.09
2,404.68
20,789.77
1945
10,140.20
18,542.19
19,400.60
43,615.81
2,524.03
17,414.04
1946 *
20,759.75
46,852.71
4,074.00
18,376.00
1947
10,611.30
24,120.83
14,354.56
17,898.05
The method used by the Commissioner in determining the income of the petitioner for each year was reasonable *73 under the circumstances. The petitioner has failed to show that the Commissioner erred in any respect in determining the deficiencies. The petitioner grossly understated his purchases, his receipts, and his income for each of the taxable years 1943 through 1947 with intent to evade tax. A part of each deficiency involved herein is due to fraud with intent to evade tax. Opinion MURDOCK, Judge: The petitioner was not present at the trial but was represented by counsel who introduced evidence to show that the petitioner was in a hospital and had been incompetent since September 9, 1950. Counsel for the petitioner knew of no books or records of the business of the petitioner and introduced no evidence in relation to his tax liability. He cross-examined the two witnesses of the Commissioner in an unsuccessful effort to show that the determination of the Commissioner was arbitrary and capricious. He filed no brief and made no argument on behalf of the petitioner. The Commissioner could find no books or records of the petitioner's business for the taxable years, could obtain no complete or satisfactory information from the petitioner or his representatives, found that bank records *74 gave no adequate information in regard to income and expenditures, and was unable to obtain reliable or complete net worth statements. He was able to determine from reliable sources that the petitioner had purchased much more liquor and beer than the amounts reported in the returns for 1943, 1944 and 1945. Counsel for the petitioner admitted that the petitioner had purchased much larger quantities of goods than he had reported for those years. The Commissioner estimated the probable profits from the sales of the liquor and beer actually purchased by taking customary mark-ups used in the area of the petitioner's tavern and found that his figures were about the same as those obtained by multiplying the number of salable drinks in the known quantity of liquor by the prices posted in the tavern. He admits that his figures do not necessarily show the actual profits but claims they are the best and fairest approximation which he can make under the difficulties of the petitioner's own making. He accepted the petitioner's reported figures except where he had reason to believe they were incorrect. His action was not arbitrary or capricious under the circumstances. The petitioner has not shown *75 any error in the deficiencies as determined nor has he shown that the additions for delinquency under section 291 (a) were erroneously imposed. No excuse has been offered for failing to file a signed return for 1943, (cf. , affirmed ) or for not filing returns for 1946 and 1947 within the time allowed by law. (Cf. ; , appeal dismissed .) The Commissioner has shown that the petitioner grossly understated his purchases, his gross receipts and his income for 1943, 1944 and 1945, and grossly understated his income for 1946 and 1947. This consistent gross understatement, coupled with other facts and admissions shown by the record, leaves no doubt about the petitioner's fraudulent intent to evade taxes for each year. Decision will be entered for the respondent. Footnotes
*. The returns for 1946 and 1947 were made upon the basis of alleged increases in net worth and show no details of the business.↩